10-401-ag
Mohammad v. Holder

BIA
A098 224 015

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand ten.

PRESENT:
PIERRE N. LEVAL,
ROBERT A. KATZMANN,
RICHARD C. WESLEY,
*Circuit Judges*.

_____

MAHTABUDDIN PATEL MOHAMMAD,
        *Petitioner*,

        v.                                          10-401-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; John M. McAdams, Jr., Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mahtabuddin Patel Mohammad, a native and citizen of India, seeks review of a January 6, 2010 order of the BIA denying his motion to reopen. *In re Mahtabuddin Patel Mohammad*, No. A098 224 015 (B.I.A. Jan. 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Here, Mohammad's motion to reopen was indisputably time-barred as it was filed more than one year after the BIA's dismissal of his appeal of his removal order. *See* 8 C.F.R. § 1003.2(c)(2). However, there are no time or numerical limitations if the alien establishes materially "changed country conditions arising in the country of

nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Mohammad contends that the BIA abused its discretion in denying his motion as untimely because it failed to consider his evidence of changed country conditions. The record does not support this claim, as the BIA explicitly referenced his evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

Moreover, the BIA reasonably found that Mohammad did not establish changed country conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard). Although Mohammad submitted evidence detailing violence by Hindu extremists against Muslims, the record included evidence of similar violence before 2006. The BIA did not abuse its discretion in according little weight to the letter from Mohammad's wife or Mohammad's own statement that his wife had told him about threats to his life. *See Xiao Ji Chen,* 471 F.3d at 324 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). The letter does not provide any

3

details of changes in India in general, and the wife's evidence of threats to Mohammad's life after his September 2006 hearing does not represent changed conditions, since Mohammad had submitted evidence of similar alleged threats to his life as part of his original application for asylum.

Because substantial evidence supports the BIA's finding that Mohammad failed to demonstrate changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen.  As it was not an abuse of discretion to deny the motion as untimely, we do not address his argument that he demonstrated his *prima facie* eligibility for asylum, withholding of removal, and related relief.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4